Filed 6/28/22  P. v. Yim CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>AARON SUNG MIN YIM,<br><br>Defendant and Respondent. | F081023<br><br>(Super. Ct. No. 19CMS3934)<br><br>**OPINION** |

-ooOoo-

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Randy L. Edwards, Judge.

Keith Fagundes, District Attorney, and Louis D. Torch, Assistant District Attorney, for Plaintiff and Appellant.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

During a traffic stop, a police officer detained Aaron Sung Min Yim (defendant) and conducted a warrantless search of his vehicle.  The search yielded a firearm, cocaine,

[*]Before Peña, Acting P. J., Smith, J., and Snauffer, J.

and a quantity of marijuana exceeding the legal limit for personal possession. The officer believed he had probable cause to search the vehicle based on the odor of marijuana therein and on defendant.

Defendant unsuccessfully moved to suppress the fruits of the search under Penal Code section 1538.5.[1] The magistrate ruled there was probable cause to search based on the odor of marijuana and defendant's admission of having "recently" smoked marijuana. After being held to answer to felony and misdemeanor drug charges, defendant challenged the ruling by filing a motion to dismiss under section 995. The motion was granted.

The superior court held "the odor of marijuana and admission of smoking—standing alone—cannot be regarded as probable cause" to conduct a warrantless vehicle search. Although the arresting officer had also testified to his belief defendant was under the influence of marijuana, the testimony was deemed conclusory. The People now appeal the dismissal order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2019, defendant was arrested during a traffic stop after a Hanford police officer found contraband inside of his vehicle. The warrantless search resulted in the seizure of approximately 22 grams of cocaine, 75 grams of marijuana, and a loaded handgun. During the booking process, an additional 2.5 grams of cocaine was discovered among defendant's personal effects.

The next day, the Kings County District Attorney filed a criminal complaint charging defendant with transportation of cocaine (Health & Saf. Code, § 11352, subd. (a); count 1); possession of cocaine for purposes of sale (Health & Saf. Code, § 11351; count 2); possession of cocaine while armed with a loaded and operable firearm (Health

---

[1]All undesignated statutory references are to the Penal Code. The terms "marijuana" and "cannabis" will be used interchangeably.

2.

& Saf. Code, § 11370.1, subd. (a); count 3); bringing a controlled substance into a jail (§ 4573, subd. (a); count 4); misdemeanor possession of cannabis for sale (Health & Saf. Code, § 11359, subd. (b); count 5); and misdemeanor transportation of cannabis (Health & Saf. Code, § 11360, subd. (a); count 6). Counts 1 and 2 included firearm enhancement allegations under section 12022, subdivision (c).

In October 2019, defendant moved under section 1538.5 to suppress all evidence derived from the search of his automobile. The motion was heard on November 26, 2019. The People filed a written opposition on the day of the hearing. Relying exclusively on case law predating California's legalization of cannabis in 2016, the People's brief argued that an odor of marijuana emanating from a vehicle establishes probable cause to search the vehicle without a warrant.

The arresting officer testified at the suppression hearing. According to the testimony, defendant was driving a Toyota 4Runner when pulled over at approximately 12:17 a.m. near the intersection of 10th Avenue and Glendale Avenue in Hanford. The officer, who was in a marked patrol car, initiated the stop because defendant's license plate was not illuminated as required by Vehicle Code section 24252.

The issue on appeal turns on the following testimony regarding the officer's contact with defendant:

> "[OFFICER:] The driver rolled down his window, and I smelled a strong odor of marijuana come from the inside of the vehicle.

> "[PROSECUTOR:] Could you tell where that odor was emanating from?

> "[OFFICER:] Yes, the driver and the inside of the vehicle in the passenger compartment.

> "[PROSECUTOR:] Did you have any training or experience in regards to the identification of the smell of marijuana?

> "[OFFICER:] I do.

"[PROSECUTOR:]  What training was that?

"[OFFICER:]  I have been to—in addition to the academy H & S 11550 school, a specialized school on people that are under the influence of different narcotics.

"[PROSECUTOR:]  And at that school was there a training in regards to individuals under the influence of marijuana?

"[OFFICER:]  There was.

"[PROSECUTOR:]  And what was that training?

"[OFFICER:]  Just how to identify based on eyes, eye movement, different signs and symptoms of marijuana use.  As well as a jar of marijuana they brought around and had us smell so we knew what it smelled like.

"[PROSECUTOR:]  From your training and experience the smell that you—or the odor that you observed was of marijuana?

"[OFFICER:]  It was.

"[PROSECUTOR:]  Based upon the smell of marijuana what did you do next?

"[OFFICER:]  I asked the driver if he had been smoking marijuana, and he told me that he had.

"[PROSECUTOR:]  Did he tell you how long ago he smoked marijuana?

"[OFFICER:]  I don't recall.

"[PROSECUTOR:]  Would it refresh your recollection if you refer to your report, page three, second paragraph?

"[OFFICER:]  Yes.

"[MAGISTRATE]:  [Refer to your report and look up when you are finished.]

"[OFFICER:]  Ready to proceed.

"[PROSECUTOR:]  Do you recall what he told you in regards to when he smoked marijuana?

4.

"[OFFICER:]  He said he had recently smoked marijuana.[2]

"[PROSECUTOR:]  Based on that information did you believe he was under the influence of marijuana?

"[OFFICER:]  I did.

"[PROSECUTOR:]  What did you do next?

"[OFFICER:]  I asked for consent to search the vehicle.

"[PROSECUTOR:]  And what happened?

"[OFFICER:]  And he told me I did not have permission to search his vehicle.

"[PROSECUTOR:]  What did you do next?

"[OFFICER:]  Based on prior case law I know that the odor of marijuana is probable cause to search a vehicle.

"[PROSECUTOR:]  And what did you do?

"[OFFICER:]  So I asked him to step out of the vehicle, and detained him by placing him in the back of my police car.

"[PROSECUTOR:]  Was he handcuffed at that time?

"[OFFICER:]  He was not.

"[PROSECUTOR:]  What did you do at that point?

"[OFFICER:]  Then returned to the vehicle and began searching for marijuana."

The officer's testimony was the only evidence presented at the suppression hearing.  Defense counsel's arguments concerned the officer's subjective reliance on the odor of marijuana to justify the search.  The prosecutor argued the search was valid

---

**2**The cited page and paragraph of the police report, which the officer used to refresh his recollection, says, "I asked [defendant] if he had recently smoke [*sic*] marijuana and he told me he had …."  The temporal meaning of "recently" was not explained in the report or the officer's testimony.  Interestingly, the record contains a bail review report wherein defendant is said to have "admitted to ingesting marijuana a couple hours prior to him being stopped."

because the officer had probable cause to arrest defendant either for the Vehicle Code violation or on suspicion of driving under the influence. Although defendant was not arrested on either of those grounds, the prosecutor argued if such an arrest *had* occurred, "any search conducted afterwards would be a search incident to impound [of the vehicle]."

The magistrate cited and relied on *People v. Fews* (2018) 27 Cal.App.5th 553 (*Fews*), opining *Fews* involved "facts which were similar to those" in the present case. In reference to defendant's circumstances, the magistrate noted "there was not only testimony in regards to the smell of marijuana, but there was a statement by the driver he had been recently smoking." Based on those facts, the magistrate concluded the officer had probable cause to search the vehicle.

The motion ruling was immediately followed by a preliminary hearing on the complaint. Defendant was held to answer to all charges. A criminal information pleading the same counts and enhancement allegations was later filed on December 5, 2019.

On January 3, 2020, defendant moved to dismiss the information pursuant to section 995. The moving papers discussed *U.S. v. Maffei* (N.D.Cal. 2019) 417 F.Supp.3d 1212, a then-recent decision in which a federal district court had distinguished *Fews* and found there was no probable cause for a vehicle search under circumstances more factually analogous to defendant's case. In *Maffei*, the officer "did not see any marijuana either in the Maffeis' possession or in plain sight in the car, let alone on Mr. Maffei's person; he did not observe any significant indications that Mr. Maffei was under the influence of marijuana; he did not indicate, either in his police report or his declaration, that the scent of marijuana he observed was burnt. No field sobriety test was performed. No smell emanated from the trunk, a car carrier, or other known trafficking storage locations. [Neither the passenger nor the driver] attempted to flee. Instead, [it] was a

6.

routine traffic stop for a broken tail light and failing to yield to pedestrians." (*Maffei*, at p. Supp. 1227, fn. omitted.)

The People did not file a timely response to defendant's motion. The motion was scheduled be heard in January 2020 but was continued until early March. The continuance was ordered because, "[d]ue to the developing case law on the [Proposition] 64 search issues, the Court want[ed] to see a briefing by the People."

In a subsequently filed opposition, the People argued the magistrate had appropriately relied on *Fews*. It was impliedly argued that the search of defendant's car was justified by probable cause to believe he was driving under the influence of cannabis. The briefing also discussed the law on searches conducted incident to an arrest.

On March 4, 2020, defendant's motion to dismiss was heard and granted. The pertinent analysis and conclusions, as stated in the written order, were as follows:

> "Based on the testimony at the preliminary hearing, this court does not find there was sufficient probable cause to search the vehicle under the automobile exception to the warrant requirement. This court does not find the search of Defendant's vehicle would qualify as a search incident to arrest. The transcript is devoid of testimony sufficient to establish probable cause to arrest Defendant for driving under the influence.
>
> "While [the arresting officer] testified that prior case law authorized him to search Defendant's vehicle based on the odor of marijuana, this court does not find the good faith exception applicable here.[3] The legalization of possession and use of marijuana via Proposition 64 is an intervening factor that undercuts older case law supporting these searches. Since adult use and possession under 28.5 grams is now legal, the odor of marijuana and admission of smoking—standing alone—cannot be regarded as probable cause of a crime. There is no binding appellate precedent indicating odor and admission of smoking is probable cause under the automobile exception. Even in pre-Proposition 64 cases like [*People v.*

[3]There is "no good faith exception to the exclusionary rule for police who enforce a legal standard that does not exist." (*People v. White* (2003) 107 Cal.App.4th 636, 644.) The superior court was alluding to *Davis v. United States* (2011) 564 U.S. 229, which holds the exclusionary rule does not apply "when the police conduct a search in compliance with *binding precedent* that is later overruled." (*Id*. at p. 231, italics added.)

*Strasburg* (2007) 148 Cal.App.4th 1052] and [*People v. Waxler* (2014) 224 Cal.App.4th 712], the officers observed the odor of marijuana *and the presence or use of marijuana* in the suspect vehicles. Similarly, in the leading post-Prop 64 case *Fews*, the officers observed odor *and* defendant holding a half-burnt cigar containing what they believed to be marijuana. The defendant in *Fews* was also stopped in a high crime area and displayed suspicious behavior when confronted by police. In *Strasburg*, *W[a]xler* and *Fews*, there were additional observations to support the suspicion that the vehicles contained illegal amounts of marijuana, *or* that marijuana was being illegally used. Here, there is only the observation of odor and admission of recent use unspecified in time or location. There is no evidence that [the arresting officer] observed marijuana in the vehicle or observed signs (such as the presence of smoke) that Defendant was using marijuana in the vehicle. [The officer] never inquired, and Defendant never stated, whether there was marijuana in the vehicle.[4]

"[The arresting officer] testified that based on his training and experience, he believed Defendant was driving under the influence. However, there are *no facts* in the preliminary hearing transcript to support this conclusion. There was no testimony Defendant displayed signs and symptoms of being under the influence, such as red, watery eyes or slurred speech. [The officer] did not administer any field sobriety tests to further evaluate whether Defendant was under the influence. While [the officer] may have training and experience in driving under the influence and marijuana cases, there are no facts before the court to which [he] could have applied that training and experience to conclude Defendant was driving under the influence. Furthermore, Defendant was not arrested for driving under the influence. Therefore, the search of the car fails as a search incident to arrest."

On April 2, 2020, the People filed a timely notice of appeal.

## DISCUSSION

### 1. Legal Overview

Citizens have the right to be free from unreasonable searches and seizures. (U.S. Const., 4th & 14th Amends.; Cal. Const., art. I, § 13.) An investigatory detention by police is reasonable under the Fourth Amendment, and therefore legal, "when the

---

[4]The police report alleges defendant did tell the officer there was an unspecified amount of marijuana in the vehicle, but this detail was not included in the officer's testimony.

detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231.) Therefore, "a lawful traffic stop occurs when the facts and circumstances known to the police officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or another law." (*People v. Nice* (2016) 247 Cal.App.4th 928, 937–938.) The detention "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." (*Florida v. Royer* (1983) 460 U.S. 491, 500.)

The legality of a traffic stop does not itself justify a search of the detained motorist or their vehicle. "In general, a law enforcement officer is required to obtain a warrant before conducting a search. [Citation.] Warrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" (*People v. Lopez* (2019) 8 Cal.5th 353, 359.) "Under the so-called automobile exception officers may search a vehicle without a warrant if it 'is readily mobile and probable cause exists to believe it contains contraband' or evidence of criminal activity." (*People v. Johnson* (2018) 21 Cal.App.5th 1026, 1034, quoting *Pennsylvania v. Labron* (1996) 518 U.S. 938, 940; see *Collins v. Virginia* (2018) 584 U.S. __, __ [138 S.Ct. 1663, 1669–1670] [discussing origin of the exception and historical rationale].)

"Probable cause is a more demanding standard than mere reasonable suspicion." (*People v. Lee* (2019) 40 Cal.App.5th 853, 862.) Both are "fluid concepts that take their substantive content from the particular contexts in which the standards are being assessed." (*Ornelas v. United States* (1996) 517 U.S. 690, 696.) Probable cause requires "'particularized suspicion.'" (*Texas v. Brown* (1983) 460 U.S. 730, 742; see *Maryland v. Pringle* (2003) 540 U.S. 366, 371 ["'[t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt,' [citation], and … the belief of guilt must be particularized with respect to the person to be searched or seized'"].) "Probable cause

9.

to search exists when, based upon the totality of the circumstances …, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" (*People v. Farley* (2009) 46 Cal.4th 1053, 1098, quoting *Illinois v. Gates* (1983) 462 U.S. 213, 238; accord, *Ornelas, supra*, at p. 696 ["the known facts and circumstances" must be "sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found"].)

"Section 1538.5 governs motions to suppress evidence obtained as a result of a search or seizure." (*People v. Williams* (1999) 20 Cal.4th 119, 127.) Because warrantless searches are presumptively unreasonable, the moving party's threshold burden is to establish the absence of a warrant. (*Id*. at p. 130; *People v. Simon* (2016) 1 Cal.5th 98, 120.) "The burden then shifts to the prosecution to justify the warrantless search." (*People v. Marquez* (2019) 31 Cal.App.5th 402, 409, citing *Williams, supra*, at p. 127.) "The prosecution must prove by a preponderance of the evidence that the search falls within an exception to the Fourth Amendment warrant requirement." (*Marquez*, at p. 409.)

If the motion to suppress is denied, a defendant may challenge the ruling by filing a motion to dismiss under section 995. (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 199–200.) In that situation, "the superior court's role is similar to that of an appellate court reviewing the sufficiency of the evidence to sustain a judgment. [Citation.] The superior court merely reviews the evidence; it does not substitute its judgment on the weight of the evidence nor does it resolve factual conflicts." (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.) If the earlier finding of probable cause is determined to be unfounded, the illegality of the search typically compels dismissal "by reason of the 'fruit of the poisonous tree' doctrine." (*People v. Ramsey* (1969) 272 Cal.App.2d 302, 312; see *Utah v. Strieff* (2016) 579 U.S. 232, 237 ["the exclusionary rule encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and

10.

… 'evidence later discovered and found to be derivative of an illegality,' the so-called "'fruit of the poisonous tree'"'"].)

## 2. Standard of Review

"Where, as here, the defendant challenges the suppression ruling by a motion to dismiss under … section 995, we review the determination of the magistrate who ruled on the motion to suppress," effectively disregarding the subsequent conclusions of the superior court. (*Fews*, *supra*, 27 Cal.App.5th at p. 559; accord, *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) "We defer to the [magistrate's] factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.) In other words, whether probable cause existed to conduct a warrantless search is a question reviewed de novo based on the totality of the circumstances as established by the uncontroverted facts and all findings supported by substantial evidence. (See *People v. Zaragoza* (2016) 1 Cal.5th 21, 57 ["Where, as here, the underlying facts are undisputed, we independently review whether those facts constitute probable cause"]; *People v. Hall* (2020) 57 Cal.App.5th 946, 952 ["We determine probable cause considering the totality of the circumstances"].)

## 3. Proposition 64

"In 2016, the voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which legalized the possession of up to 28.5 grams of cannabis by individuals 21 years or older. (Health & Saf. Code, § 11362.1, subd. (a)(1).)" (*Blakes v. Superior Court* (2021) 72 Cal.App.5th 904, 911.) However, as with alcohol, the possession and use of cannabis is subject to restrictions. Smoking or ingesting cannabis is legal (Health & Saf. Code, § 11362.1, subd. (a)(4)), but not while driving a vehicle (*id*., § 11362.3, subd. (a)(7)). Possessing "an open container or open package of cannabis or

11.

cannabis products while driving, operating, or riding in the passenger seat or compartment of a motor vehicle" is likewise prohibited. (*Id*., subd. (a)(4); see Veh. Code, § 23222, subd. (b).) It is also against the law to drive under the influence of "any drug," including cannabis. (Veh. Code, § 23152, subd. (f); see Health & Saf. Code, § 11362.45, subd. (a).)

In addition to legalizing the possession and use of cannabis by adults, Health and Safety Code section 11362.1 provides: "Cannabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." (*Id*., subd. (c).) In other words, lawful conduct under the statute may *not* "'constitute the basis for detention, search, or arrest.'" (*People v. Johnson* (2020) 50 Cal.App.5th 620, 629.) Proposition 64 thus "changed whether possession of cannabis by itself could be the basis for probable cause to search a car." (*Blakes v. Superior Court*, *supra*, 72 Cal.App.5th at p. 911.)

## 4.    Relevant Case Law

"California transitioned to legalized marijuana in stages, from (1) total illegality to (2) permitted medical use to (3) decriminalization to (4) recreational legalization." (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 863.) During the second stage, the "leading case" on how medical marijuana "impacted probable cause for vehicle searches where marijuana is found" was *People v. Strasburg*, *supra*, 148 Cal.App.4th 1052 (*Strasburg*). (*Lee*, at p. 863.) During the third stage, "the leading case addressing probable cause to search a vehicle" was *People v. Waxler*, *supra*, 224 Cal.App.4th 712 (*Waxler*). (*Lee*, at p. 864.) Following the enactment of Proposition 64, one of the earliest published cases on the subject was *Fews*, i.e., the case relied upon by the magistrate below to deny defendant's motion to suppress. However, *Fews* is now generally viewed as an outlier decision.

12.

## A. Strasburg

"In *Strasburg*, an officer walked up to the defendant's car and noticed the odor of marijuana. [Citation]. The defendant admitted he had just been smoking marijuana in his car. When asked if he had any marijuana with him, he handed the officer a Ziploc bag containing about three-quarters of an ounce of marijuana. [Citation.] The officer also noticed another small amount of marijuana, about 2.2 grams, in the car. [Citation.] The defendant repeatedly asserted that he had a medical marijuana card, but the officer declined to view it. [Citation.] The defendant was detained, the car was searched, and the officer discovered 23 ounces of marijuana and a large scale." (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 863.)

On appeal, the *Strasburg* court held the officer "had probable cause to search [the] defendant's car for marijuana after he smelled the odor of marijuana." (*Strasburg*, *supra*, 148 Cal.App.4th at p. 1059.) The driver's admission to having smoked marijuana "just before [the officer] arrived" and the fact marijuana could be seen in plain view were also noted in the court's analysis. (*Id*. at pp. 1055, 1060.) However, *Strasburg* did not involve a traffic stop (the car was already parked when the officer spotted it) and the probable cause determination had nothing to do with suspicion of the defendant being under the influence. The odor and visible presence of a lawful amount of marijuana were held to establish probable cause to believe additional, *unlawful* quantities of marijuana were present in other parts of the vehicle. (*Id*. at p. 1059.)

## B. Waxler

"Three years after *Strasburg*, the governor signed Senate Bill No. 1449 (2009–2010 Reg. Sess.) decriminalizing marijuana possession." (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 863.) In *Waxler*, a sheriff's deputy approached a parked truck and "smelled 'the odor of burnt marijuana.'" (*Waxler*, *supra*, 224 Cal.App.4th at p. 716.) He also "'saw a marijuana pipe with … what appeared to be burnt marijuana in the bowl'"

located "'on the bench seat right next to'" the person in the driver's seat. (*Ibid*.) The deputy proceeded to search the truck and discovered methamphetamine. (*Ibid*.)

On appeal, the *Waxler* court held the deputy "had probable cause to believe appellant's truck contained contraband after smelling burnt marijuana near the truck and seeing burnt marijuana in the truck, irrespective of whether possession of up to an ounce of marijuana is an infraction and not an arrestable offense [citation]." (*Waxler*, *supra*, 224 Cal.App.4th at p. 721.) As in *Strasburg*, the possibility the appellant was under the influence of marijuana was not at issue. The rationale was "that even if a defendant makes only personal use of marijuana found in the passenger compartment of a car, a police officer may reasonably suspect additional quantities of marijuana might be found in the car." (*Waxler*, at pp. 723–724.)

### C. Fews

"In *Fews*, officers pulled over a car in an area of San Francisco known for drug sales and use as well as drug-related violence. [Citation.] The driver got out of the vehicle and the defendant, the passenger, remained seated but began making "'furtive movements around the passenger compartment ….'" [Citation.] When the officers approached the vehicle, they smelled "'recently burned marijuana'" emanating from the car and the driver held a half-burnt cigar that they confirmed contained marijuana." (*People v. Johnson*, *supra*, 50 Cal.App.5th at p. 630, quoting *Fews*, *supra*, 27 Cal.App.5th at pp. 557–558.) Meanwhile, the passenger continued to move around suspiciously inside of the vehicle. (*Fews*, at p. 557.) One of the officers instructed the passenger to exit the car, frisked him, and located a handgun. (*Id*. at p. 558.) Consequently, the passenger was charged with being a felon in possession of a firearm. (*Id*. at p. 556.)

The *Fews* defendant moved to suppress the evidence discovered during the patdown search. During the ensuing court proceedings, the officer testified to conducting

the patdown for safety reasons because he had "intended 'to check the vehicle and make sure that both the occupants were in compliance with laws regarding marijuana in California' regarding possession and use, to find documentation for the marijuana, and 'to see if there was … [any more] marijuana in the vehicle and, if so, if that was within compliance of state law.'" (*Fews*, *supra*, 27 Cal.App.5th at p. 558.) The motion to suppress was denied, as the magistrate found the officers had probable cause to search under the holding of *Waxler*. The magistrate also found the patdown search was justified, inter alia, "for officer safety because while one of the officers was conducting the search, the other officer would be outnumbered by the detainees." (*Fews*, at p. 558.)

On appeal, the *Fews* defendant unsuccessfully challenged both aspects of the magistrate's ruling. The appellate court, in concluding there was probable cause to justify a vehicle search, found "no compelling reason to depart from *Strasburg* and *Waxler* after the passage of Proposition 64, particularly in light of the facts …." (*Fews*, *supra*, 27 Cal.App.5th at p. 562.) The same paragraph of the opinion states: "Due to the odor of marijuana emanating from the SUV and [driver], as well as [the driver's] admission that there was marijuana in his half-burnt cigar, there was a fair probability that a search of the SUV might yield additional contraband or evidence." (*Id*. at p. 563.)

The *Fews* court went on to note that Proposition 64 did not legalize "[d]riving a motor vehicle on public highways under the influence of any drug [citation] or while in possession of an open container of marijuana." (*Fews*, *supra*, 27 Cal.App.5th at p. 563.) The opinion continues: "Here, the evidence of the smell of 'recently burned' marijuana and the half-burnt cigar containing marijuana supported a reasonable inference that [the driver] was illegally driving under the influence of marijuana, or, at the very least, driving while in possession of an open container of marijuana. Because this was not conduct 'deemed lawful' by [Health and Safety Code] section 11362.1, [the appellant] cannot validly rely upon the 'not contraband' designation of section 11362.1, subdivision (c), in order to avoid the holding in *Waxler*." (*Ibid.*)

15.

#### D. Recent Decisions

Due to its unique facts and express reliance on *Strasburg* and *Waxler*, the *Fews* opinion has been distinguished in subsequent published decisions. (E.g., *People v. Hall*, *supra*, 57 Cal.App.5th at p. 955 [describing *Fews* as "easily distinguishable on its facts"]; see *id.* at p. 954 ["We agree with the many appellate courts that have concluded *Waxler* and *Strasburg* are of little persuasive value because they predate the enactment of Proposition 64"]; *People v. Johnson*, *supra*, 50 Cal.App.5th at p. 629 [distinguishing *Fews* and stating Prop. 64 "undercuts the continued viability of *Strasburg*'s holding that the odor of marijuana alone establishes probable cause"]; *People v. Lee*, *supra*, 40 Cal.App.5th at p. 864 ["*Waxler* does not help us determine whether or to what extent legally possessed marijuana now affects whether there is probable cause to search a vehicle"], see *id.* at p. 866 ["Whatever the merits of the *Fews* analysis, the facts here present a very different scenario" (fn. omitted)].)

The case of *People v. Lee*, *supra*, 40 Cal.App.5th 853 involved a warrantless vehicle search conducted during a traffic stop. Upon discovering the driver had a suspended license and was carrying "a bag containing a small amount of marijuana" in his pocket, and after the driver admitted that he delivered medical marijuana, the police officer searched the car. The search yielded 56 grams of cocaine and other items indicative of drug dealing. (*Id.* at pp. 857–859.)

A magistrate's granting of the driver's motion to suppress the evidence was upheld on appeal, with the appellate court declaring *Fews* to be "readily distinguishable" and concluding "the reasoning used by *Fews* to rely on *Strasburg* and *Waxler* [did] not apply." (*People v. Lee*, *supra*, 40 Cal.App.5th at pp. 865, 866.) Summarizing its probable cause analysis, the court said, "The recent legalization of marijuana in California means we can now attach fairly minimal significance to the presence of a legal amount of the drug on [the driver's] person, and the remaining facts cited by the People

do not provide any reasonable basis to believe contraband would be found in the car." (*Id*. at p. 861.)

In *People v. Johnson*, *supra*, 50 Cal.App.5th 620, the issue was "whether the odor of marijuana and visual observation of approximately two grams of marijuana in [a closed plastic bag] in defendant's parked car provided probable cause to justify" a warrantless vehicle search. (*Id*. at p. 623.) On appeal from the denial of a motion to suppress, the magistrate's and superior court's rulings on the existence of probable cause were reversed. In reliance on *Fews*, the Attorney General argued the odor of marijuana emanating from the vehicle established probable cause to search for an open container therein. The appellate court disagreed and held "the odor of marijuana alone no longer provides an inference that a car contains contraband," at least when the owner or occupants are of legal age. (*Johnson*, at p. 634.) The reason is "because individuals over the age of 21 can now lawfully possess and transport up to 28.5 grams of marijuana." (*Ibid*., citing Health & Saf. Code, § 11362.1, subd. (a)(1).)

In *People v. McGee* (2020) 53 Cal.App.5th 796, a magistrate's finding of probable cause to search a vehicle was upheld based on the "scent of unburned marijuana" and "the presence of an unsealed bag of marijuana [i.e., an open container] plainly visible on the passenger's person." (*Id*. at p. 799.) However, the appellate court rejected as meritless the Attorney General's argument "that the mere presence of a lawful amount of marijuana is sufficient to establish probable cause to search under the automobile exception." (*Id*. at p. 802.) The opinion explains "there must be additional evidence, beyond mere possession of a legal amount of marijuana, to support a reasonable belief the defendant has an illegal amount or is violating some other statutory provision." (*McGee*, at p. 803.)

In *People v. Hall*, *supra*, 57 Cal.App.5th 946, the First Appellate District, Division Two, "join[ed] those courts that have held the lawful possession of marijuana in a vehicle does not provide probable cause to search the vehicle." (*Id*. at p. 948.) The *Hall*

appellant, like defendant herein, was pulled over for a "nonoperational license plate lamp." (*Id*. at p. 949.) One of the detaining officers testified to seeing a clear plastic bag of what appeared to be marijuana in plain view on the center console; cup holders containing "'an ashtray filled with ashes'" and "'burnt cigar wrappers, commonly used to wrap marijuana'"; and "'a green leafy substance, that appeared to be broken up' 'in the lap of the driver.'" (*Ibid*.) "The officer was not otherwise asked about odors emanating from the car or [the appellant], and he did not mention smelling marijuana (either burnt or unburnt). Nor did [the officer] observe any signs indicating [the appellant] was under the influence." (*Ibid*.) These circumstances were held insufficient to establish probable cause to search the vehicle. (*Id*. at p. 954.)

The *Hall* court notably relied, inter alia, on *People v. Shumake* (2019) 45 Cal.App.5th Supp. 1, which it found to be "instructive." (*People v. Hall*, *supra*, 57 Cal.App.5th at p. 953.) "There, the defendant was pulled over for a license plate violation, and an officer noticed 'a strong smell of marijuana, both fresh and "freshly burnt"' as she approached the car. [Citation.] The defendant said he had "'some bud" in the center console.'" (*Hall*, at p. 953.) "The appellate division panel …[¶] … rejected the People's argument that the smell of marijuana coupled with the defendant's statement that there was marijuana in the console established probable cause to search the entire car." (*Ibid*.)

"Analogizing marijuana to alcohol, the [*Shumake*] court explained that the officers could have investigated further by, for example, asking the defendant about how much marijuana he possessed, whether it was in a container, where it was located, and when he last smoked. Such questions would be 'consistent with the type of reasonable inquiry officers use when they smell alcohol in a car.' [Citation.] But these facts (the smell of marijuana plus the statement that there was 'some "bud"' in the console) could not justify the search of the defendant's car." (*People v. Hall*, *supra*, 57 Cal.App.5th at pp. 953– 954, fn. omitted, quoting *People v. Shumake*, *supra*, 45 Cal.App.5th at pp. Supp. 7–8.)

Most recently, the Third Appellate District published *People v. Moore* (2021) 64 Cal.App.5th 291 and *Blakes v. Superior Court*, *supra*, 72 Cal.App.5th 904. In *Moore*, the denial of a motion to suppress was affirmed based on very particularized circumstances surrounding the warrantless search of a parked vehicle. While patrolling the perimeter of a "'high crime, high drug activity park,'" an officer saw a man "leaning into the open passenger's side door" of a parked Jeep occupied by a person in the driver's seat. (*Moore*, at p. 302.) As the officer approached the Jeep, the man on the passenger side "walked away to the middle of the park" and stood there watching as the officer made contact with the occupant. (*Id.* at p. 295.)

When the officer reached the Jeep, the man inside "opened the driver's side door and a 'strong' smell of 'fresh marijuana' escaped from the vehicle." In response to being asked if there was any marijuana in the car, the man said no, then produced an "'empty glass mason jar that looked like it had marijuana residue in it' and claimed there *had* been marijuana in the car, which he had recently smoked. When asked if there was anything illegal in the Jeep, [he] responded, '[n]ot that I know of.'" (*People v. Moore*, *supra*, 64 Cal.App.5th at p. 295, italics added.) The officer then inquired about a backpack on the front passenger floorboard, and the man said his friend had left it there. (*Ibid.*) Based on the officer's "extensive experience and training," from which he knew the difference between the odor of fresh and burnt cannabis, he believed the man "was lying about the source of the smell." (*Id.* at p. 302.) The totality of those circumstances, combined with the man's nervous demeanor, was held to establish "probable cause to search the Jeep for an unlawful quantity of marijuana." (*Ibid.*)

In *Blakes v. Superior Court*, *supra*, 72 Cal.App.5th 904, two sheriff's detectives made a lawful stop of a car with illegally tinted windows. They had run the car's plates and knew the owner had a suspended license, which was another reason for initiating the stop. (*Id.* at p. 908.) The motorist continued driving "for about one-tenth of a mile" before pulling over. One of the detectives later testified that, in his experience, "most

people pulled over more quickly." (*Ibid.*) Upon making contact with the driver, the detective smelled the odor of burnt marijuana emanating from the car. He "thought the smell of burned marijuana gave him probable cause to search the vehicle, and admitted he had no information indicating whether petitioner was impaired or how recently the marijuana had been burned. He had not performed a field sobriety test or any other test to determine whether petitioner was under the influence of marijuana or another controlled substance." (*Id.* at p. 909.) A magistrate's denial of the driver's motion to suppress evidence discovered in the search was reversed by an appellate writ of mandamus. (*Id.* at p. 911.)

The *Blakes* court held as follows: "The evidence adduced at the suppression hearing does not carry the People's burden of proving probable cause to justify the warrantless search. The prosecution presented no evidence that petitioner was impaired; no sobriety test was administered, there was no evidence petitioner drove erratically before the stop, and neither detective testified to observing any indicia of petitioner being intoxicated. Likewise, there was no evidence either detective observed an open container before petitioner's car was searched." (*Blakes v. Superior Court*, *supra*, 72 Cal.App.5th at p. 912, fn. omitted.) The opinion continues: "The fact that there was a smell of burnt marijuana emanating from the car was insufficient to support either theory of probable cause in this case. Neither detective could determine if the marijuana was freshly burnt, removing any support for an inference that petitioner was smoking the marijuana while driving." (*Ibid*.)

**5. Analysis**

Based on the foregoing authorities and the totality of the circumstances, we conclude the search of defendant's vehicle was not supported by probable cause. Preliminarily, it is undisputed the search was not justified as one conducted incident to an arrest. The arrest was made because of the search, not the other way around. (See

*People v. Macabeo* (2016) 1 Cal.5th 1206, 1218 [rejecting "the broad proposition that probable cause to arrest will always justify a search incident as long as an arrest follows"].)

Defendant's case is most analogous to *Blakes v. Superior Court*, *supra*, 72 Cal.App.5th 904, but here there is even less evidence to establish probable cause. As in *U.S. v. Maffei*, *supra*, 417 F.Supp.3d 1212, the officer "did not indicate, either in his police report or his [testimony], that the scent of marijuana he observed was burnt." (*Id.* at p. Supp. 1227.) The *Fews* case is easily distinguishable by the fact the officer there "smelled the odor of 'recently burned marijuana'" *and* observed the driver holding a half smoked "'blunt'" in his hand during the stop. (*Fews*, *supra*, 27 Cal.App.5th at p. 557.)

As in both *Maffei* and *Blakes*, no field sobriety tests were performed, and the officer did not testify to any indicia of impairment or intoxication. (*Blakes v. Superior Court*, *supra*, 72 Cal.App.5th at p. 912; *U.S. v. Maffei*, *supra*, 417 F.Supp.3d at p. Supp. 1227.) Nor was there evidence of erratic or irregular driving. The People inaccurately contend the officer believed defendant was driving under the influence based on his "training and experience," but the officer's training was cited only for his familiarity with the odor of marijuana. Incidentally, the latter testimony implies the odor emanating from the car was the smell of unburnt marijuana (he testified to being familiar with the odor of marijuana from smelling a jar of it during "H & S 11550 school"). According to the testimony, the officer's belief defendant was under the influence of marijuana was solely attributable to defendant having admitted to "recently" smoking marijuana.

Defendant's briefing correctly notes that a person can smoke or ingest cannabis without being "under the influence" within the meaning of Vehicle Code section 23152. "'To be "under the influence" within the meaning of the Vehicle Code, the … drug(s) must have so far affected the nervous system, the brain, or muscles as to impair to an appreciable degree *the ability to operate a vehicle* in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties.'" (*People v. Enriquez*

21.

(1996) 42 Cal.App.4th 661, 665, quoting *Byrd v. Municipal Court* (1981) 125 Cal.App.3d 1054, 1058; accord, *People v. Bui* (2001) 86 Cal.App.4th 1187, 1194.) "Thus, specific evidence showing actual impairment rather than how much time has passed since a person has smoked marijuana is necessary to show a person is under the influence of marijuana." (*In re Drake M.* (2012) 211 Cal.App.4th 754, 768.)

Even assuming the officer was relying on his training and experience, a probable cause determination "cannot be a mere ratification of the bare conclusions of others." (*Illinois v. Gates*, *supra*, 462 U.S. at p. 239; see *People v. Ramey* (1976) 16 Cal.3d 263, 269 ["probable cause will not be provided by conclusionary information"].) Although we are not bound by the superior court's analysis, we agree with the points made in the dismissal order: "There was no testimony Defendant displayed signs and symptoms of being under the influence, such as red, watery eyes or slurred speech. [The officer] did not administer any field sobriety tests to further evaluate whether Defendant was under the influence. While [the officer] may have training and experience in driving under the influence and marijuana cases, there are no facts before the court to which [he] could have applied that training and experience to conclude Defendant was driving under the influence." The vague admission of "recently" smoking marijuana did not permit any meaningful inferences as to time and location or the quantity and potency of the amount consumed. Tellingly, defendant was neither arrested for, nor charged with, driving under the influence.

In the analogous scenario of an officer detecting the odor of alcohol, a driver's admission to having "recently" consumed alcohol would not alone justify placing him or her in the back of a patrol car and searching the vehicle without a warrant or consent. (See *Pittman v. Boiven* (1967) 249 Cal.App.2d 207, 217 ["One is not necessarily under the influence of intoxicating liquor as the result of taking one or more drinks"].) The analysis does not change merely because the substance is cannabis, which is "not

contraband nor subject to seizure" if possessed in accordance with Health and Safety Code section 11362.1.  (*Id.*,  subd. (c).)

## DISPOSITION

The order granting defendant's motion to dismiss is affirmed.